### HUNTER v. DEADERICK, et al.

Circuit Court, Palm Beach County.

September 23, 1953.

George B. Mehlman and Charles A. Nugent, Jr., both of West Palm Beach, for plaintiff.

Harry T. Newett, Delray Beach, for defendants.

JOSEPH S. WHITE, Circuit Judge.

This cause came on for the entry of a final decree upon the pleadings, testimony taken orally before the court, and argument of counsel.

The outcome of this case depends upon a determination of the effect of the execution and delivery on February 7, 1951, of a quit-claim deed by plaintiff to defendant Deaderick for a consideration of $100 then paid by defendant to plaintiff. Unquestionably, prior to that time the relation of debtor and creditor existed between the parties, and defendant held title to plaintiff's real estate as security for a debt of $897.67, inclusive of interest.

A conservative estimate of the market value of the real estate at that time is approximately $5,000. Plaintiff is an ignorant and inexperienced member of the negro race. During the time he was dealing with the defendant he was constantly without money, and was frequently borrowing small sums from defendant. It seems unconscionable and inequitable to now approve and ratify a transaction whereby defendant, under the circumstances shown by this record, obtained absolute and indefeasible title to plaintiff's real estate for a consideration of $100. See Stovall v. Stokes (Fla.), 115 So. 828.

Accordingly, the court finds that defendant now holds title to said real estate as security for a debt, and that the amount of the obligation from plaintiff to defendant, including interest, is now $1,123.50.

The court finds that the defendant, First Federal Savings & Loan Association of Delray Beach, is an innocent and bona fide holder of its mortgage, but that defendant Deaderick is primarily liable for the balance due on account of said mortgage.

It is ordered and decreed that within 45 days from this date plaintiff shall pay or cause to be paid to the defendant First Federal Savings & Loan Association of Delray Beach, for the account of the defendant Deaderick, and to be applied in discharge of said mortgage encumbering the real estate involved in this cause, the sum of $1,123.50, together with interest thereon at a rate of 6% per annum from this date to the date of such payment; that immediately upon receipt of such payment the defendant savings and loan association shall notify the defendant Deaderick in writing of such receipt, and within 15 days after receiving such written notice defendant Deaderick shall pay to the association the balance then remaining due and owing on said mortgage, which shall thereupon stand satisfied and discharged of record, and the title to the real estate shall revert to and become vested in plaintiff, free and clear of any claim, right or title of the defendants; all subject to the further order of the court. Court costs are assessed against the plaintiff.